# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
RONALD AUSTON LEWIS,            *
                                *
        Plaintiff,              *
                                *
    vs.                         *      CV 208-139
                                *
O. BRENT GREEN, BOB E. NOBLE,   *
DAVID L. RAINER, E.B. HERRIN,   *
BOBBY G. MOYE AKA ROBERT MOYE,  *
and CAMDEN COUNTY               *
                                *
        Defendants.             *
```

### ORDER

Presently before the Court is Defendants Camden County, Green, Noble, Rainer, and Herrin's (Defendants) Fed. R. Civ. Proc. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. Because the statute of limitations has run as to these Defendants, the Court **GRANTS** Defendants' Motion.

### Factual Allegations

According to the Complaint and its attachments, this suit arises out of a dispute between Plaintiff Ronald Lewis and Camden County over the propriety of the issuance of a Stop Work Order and citations. (Compl. p. 3-4.) Mr. Lewis

desired to build a new building on his property, which is located in Camden County, Georgia. *Id.* He began construction in 2004 or 2005, but had to stop on February 27, 2006, when Camden County issued a Stop Work Order. (*Id* at 2-5, Attachs. to Compl.) Mr. Lewis claims that the Stop Work Order stated incorrect zoning, permitting, sewage, and water requirements. (Compl. p. 3.) On September 2, 2006, ten citations were issued against Mr. Lewis, which he characterizes as "criminal citations" and alleges were improperly issued. (Compl. p. 4, Attachs. to Compl.)

All wrongdoing of which Mr. Lewis accuses the Defendants involves the issuance of the Stop Work Order and citations. *Id.* As alleged in the Complaint: Defendant Green instructed the Camden County Director of Building to issue the citations. (Compl. p. 3.) Defendant Noble signed the Stop Work Order. *Id.* Defendants Rainer and Herrin "conspired" to prevent Mr. Lewis from building on his property.[1] Defendant Moye provided false information to

---

[1] *Id* at 4. Mr. Lewis's conspiracy allegation is conclusory, so the Court is not required to accept it as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Because, however, Mr. Lewis is a *pro se* litigant, the Court will grant him greater deference than is required, and assume he is alleging that Defendants Herrin and Rainer played some role in the issuance of the Stop Work Order, as that is the only action he alleges that prevented him from completing construction.

-2-

Camden County and State officials, which resulted in the issuance of the Stop Work Order and citations. *Id* at 4. And, finally, Mr. Lewis alleges that Camden County is responsible for the acts of its employees, Defendants Green, Rainer, and Noble. *Id.*

Mr. Lewis filed the present lawsuit on October 20, 2008. However, according to the instant Complaint, this is not the first lawsuit Plaintiff has filed concerning these events. *Id* at 1-2. Mr. Lewis filed suit against Camden County in Camden County Superior Court on February 26, 2007, alleging violations of 42 U.S.C. § 1983. (Compl. Pages 1-2, Attachs. to Compl.)[2] Camden County moved for summary judgment in that case as to all counts, which was granted as to Mr. Lewis's punitive damages claim, but denied as to all others. (Attach. to Compl.) Camden County sought interlocutory review in the Georgia Court of Appeals, which was granted.[3] *Id.*

---

[2] Mr. Lewis attached as exhibits to the instant Complaint his superior court complaint, the superior court order, his appellate brief, and Camden County's appellate brief. These exhibits are not numbered or labeled.

[3] As an aside, while the instant Motion to Dismiss this §1983 federal lawsuit was pending, the Georgia Court of Appeals reversed the Camden County Superior Court's partial denial of summary judgment as to the § 1983 cause of action. That ruling has not been appealed. As such, some – if not all – Defendants might be entitled to judgment as a matter of law for preclusion reasons. *See Allen v. McCurry*, 449 U.S. 90, 103-104, 101 S. Ct. 411 (1980)(holding that state-court judgments are entitled to

**Discussion**

When ruling on a motion to dismiss, the Court accepts the plaintiff's well-pleaded factual allegations as true, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009) (discussing the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S Ct. 1955 (2007)). Legal conclusions, conclusory statements, and "threadbare recitals of the elements of a cause of action" are not, however, required to be accepted as true. *Id.* The Court is also aware that Mr. Lewis is a *pro se* litigant and will, therefore, afford him leniency in the application of procedural rules. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Nevertheless, even *pro se* pleadings must be held to certain standards and statutes, including the statute of limitations,[4] and the Court may not "serve as *de facto*

---

preclusive effect in section 1983 actions in federal court). However, it is unnecessary to address that independent ground because, as explained above, the statute of limitations so clearly and conclusively demands dismissal. *See Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S.478, 492 100 S. Ct. 1790 (1980) ("Since we therefore hold that respondent's action was barred by the New York statute of limitations, we find it unnecessary to reach petitioners' other contentions.").
[4] *See id* at 487 ("Statutes of limitations are not simply technicalities . . . [T]hey have long been respected as

-4-

counsel" for the *pro se* litigant. *Id.; see also*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In addition to the four corners of the complaint and documents attached thereto, the Court may consider "documents incorporated by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007). A document is incorporated by reference if it "is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). A document is undisputed if the parties do not challenge its contents. *Horsley*, 304 F.3d at 1134. If a document is incorporated by reference, it does not have to be physically attached to the complaint for the Court to consider it without converting the motion to dismiss into one for summary judgment. *See Day*, 400 F.3d at 1276.

A statute of limitations bar is an affirmative defense. *See LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). As such, plaintiffs are not required to negate it in their complaint. *Id.* If, however, "it is

fundamental to a well-ordered judicial system.").

-5-

apparent from the face of the complaint that the complaint is time-barred," Rule 12(b)(6) dismissal is appropriate. *Id* (internal quotations omitted).

Mr. Lewis's Complaint alleges civil rights violations pursuant to 42 U.S.C. § 1983. (Compl. p. 2-5.) Section 1983 claims in Georgia, including those involving property losses, are governed by the two year statute of limitations set forth in O.C.G.A. § 9-3-33. *See Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) (holding that the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in § 9-3-33). The two-year statute of limitations begins to run "after the right of action accrues." §9-3-33; *See also, M.H.D. v. Westminster Sch.*, 172 F.3d 797, 804 (11th Cir. 1999). The accrual of a section 1983 cause of action is governed by federal law. *See Wilson v. Garcia*, 471 U.S. 261, 269, 105 S. Ct. 1938 (1985); *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Under federal law, a section 1983 right of action accrues when "the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for

his rights." *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) (internal quotations omitted).

The face of Mr. Lewis's Complaint states that his damages first occurred on February 27, 2006. (Compl. p. 5.) Indeed, all of the wrongful conduct alleged in the Complaint involved the issuance of the Stop Work Order and "criminal" citations. The Stop Work Order was issued on February 27, 2006.[5] Camden County issued the ten "criminal" citations on September 2, 2006. (sup. ct. compl. ¶ 6, Attach. to Compl.) Mr. Lewis specifically mentions both of these events in his Complaint, and both form the basis of the Defendants' alleged wrongdoing.

The events on which Mr. Lewis bases his claim occurred on February 27, 2006 and September 2, 2006. All of the wrongful conduct he alleges either occurred prior to or at the time of these two events. (Compl.) Mr. Lewis alleges that his damages commenced on February 27, 2006 – the date the Stop Work Order was issued. Therefore, Mr. Lewis's

---

[5] In paragraph five of Mr. Lewis's state complaint, which he attached as an exhibit to his Complaint in this federal action, Mr. Lewis pled that the Stop Work Order was issued on February 27, 2006, and attached a copy of the Stop Work Order as an exhibit. Mr. Lewis also stated that the Stop Work Order was issued on February 27, 2006 in his Response to Defendants' Motion to Dismiss. This date is not in dispute, as both Mr. Lewis and Defendants have expressly relied upon it in all of their filings regarding the instant Complaint and Motion to Dismiss.

right of action accrued, at the latest, on September 2, 2006, because all of the wrongful acts occurred by that date, and the legal injury of which Mr. Lewis complains first occurred over six months earlier. Mr. Lewis did not file his Complaint until October 20, 2008, over two years later. Moreover, Mr. Lewis's Complaint would be time-barred if his right of action accrued earlier than October 19, 2006, which is around eight months after his legal injury commenced. That legal injury should have been obvious within a few days after it commenced, so it is implausible that a reasonably prudent person would not have known of its existence until eight months later. Because Mr. Lewis's right of action accrued more than two years before he filed his Complaint, his suit is barred by the two-year statute of limitations. And because all of this appears on the face of Mr. Lewis's Complaint and documents attached thereto, Rule 12(b)(6) dismissal is proper.

 Mr. Lewis argues in multiple responses to Defendants' Motion to Dismiss that the Camden County Superior Court order "upheld" the two-year statute of limitations and granted him the right to pursue this federal action. Mr. Lewis filed his state complaint well within the two-year statute of limitations, so that action was not time-barred.

However, his federal action is an entirely new lawsuit, with five additional defendants, and it was not filed within the two-year statute of limitations. So while the state complaint was not barred by the statute of limitations, this later-filed federal Complaint is.

Mr. Lewis has also stated in numerous filings that he has tendered enough evidence to the Court to prove his case. The Court expresses no opinion on whether that is, in fact, true. This order is based solely on the statute of limitations, not the merits.

## Conclusion

Plaintiff Ronald Lewis's Complaint is barred by the two-year statute of limitations. Defendants Camden County, Green, Noble, Rainer, and Herrin's Motion to Dismiss is, therefore, **GRANTED**. These Defendants are hereby dismissed from this action with prejudice.

**SO ORDERED** this ___18th___ day of September, 2009.

_____
Judge, United States District Court
Southern District of Georgia